UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY DIBBLE and LINDA DIBBLE,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____/

Case No. 1:05-CV-201

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on Defendant United States of America's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Also before the Court are Plaintiffs Randy and Linda Dibble's Motions That Court Suspend A Final Ruling In This Case Until Plaintiff"s [sic] Have Completed Discovery and To Dismiss Department of Justice. The Court has reviewed the filings and finds oral argument unnecessary. W.D. MICH. LCIVR 7.2(d).

**I.    BACKGROUND**[1]

Plaintiffs commenced this action *pro se* against the United States of America alleging various violations of the Internal Revenue Code. Prior to this action, the United States Internal Revenue Service (the "Service") had assessed tax and civil penalties against Plaintiffs for unpaid taxes. The Service issued a notice of its intent to levy. Plaintiffs contested their tax liability as determined by the Service and requested a collection hearing. *See* I.R.C. § 6330. The Service responded that it would conduct the hearing by phone or through written correspondence. Plaintiffs considered these

---

[1] Under Rule 12(b)(6), the Court accepts as true Plaintiffs' factual allegations. *Smith v. City of Salem, Ohio*, 378 F.3d 566, 568 (6th Cir. 2004).

hearing methods unacceptable and advised the Service that they desired a "face to face interview where [they] could inspect" documents relevant to their contested tax liability.[2] (Pls.' Comp. ¶ 5). Plaintiffs also sought to make an audio recording of their requested in-person hearing. Plaintiffs believe the Service never afforded them an opportunity to be heard and that the Service never produced requested documents. Furthermore, Plaintiffs contend that they "neverreceived [sic] a 'notice and demand for payment' as provided in Code sections 6303[,] 6321, and 6331, a 'notice and demand' being a condition precedent to an administrative seizure pursuant to 26 USC [§] 6331." (Pls.' Compl. ¶ 2(c)). Consequently, Plaintiffs consider the Service's tax liability determination unenforceable.

Plaintiffs also claim that the Service "never received authorization from the Secretary that the instant collection action was autorized [sic] by him as required by 26 USC [§] 7401 and that the Attorney General never directed that the instant, enforced collection of income taxes and penalties 'be commenced' as required by 26 USC [§] 7401." (Pls.' Compl. ¶ 2(e)). Plaintiffs maintain that the Service never sent them a verification that pertinent legal requirements were fulfilled and procedural obligations were satisfied. Lastly, Plaintiffs aver that the Service fraudulently delegated authority to its hearing officer under I.R.C. § 7608.

## II.    CONTROLLING STANDARDS

Since Plaintiffs do not contest the underlying assessment of tax liability, the Court will review the Services' actions for an abuse of discretion. *Tornichio v. United States*, 263 F. Supp. 2d

---

[2] Plaintiffs "believed that 'no valid assessment' to support the threatened levy action was ever made and tehrefore [sic] [they] wanted to see 'a copy of the 'Summary Record Assessment (form 23C) together with the 'pertinent parts of the assessment etc. etc. as provided for in Treas. Reg. 6203-1)' and a copy of the tax return from which the alleged assessment was made." (Pls.' Compl. ¶ 2(b)).

1090, 1095 (N.D. Ohio 2002) (citing H.R. Rep. No. 105-599, at 266 (Conf. Rep. 1998); *Rennie v. Internal Revenue Serv.*, 216 F. Supp. 2d 1078, 1082 (E.D. Cal. 2002); *Goza v. Comm'r of Internal Revenue*, 114 T.C. 176, 181-82, 2000 WL 283864 (2000)); *see also Turner v. United States*, 372 F. Supp. 2d 1053, 1057 (S.D. Ohio 2005).

Concerning Defendant's Motion to Dismiss, the Court will liberally construe Plaintiffs' *pro se* Complaint, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), and whether dismissal is proper pursuant to Federal Rule of Civil Procedure 12(b)(6) is a question of law. *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Smith*, 378 F.3d at 570; *Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004). The Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, *Smith*, 378 F.3d at 568, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Roberson*, 399 F.3d at 794; *Arrow*, 358 F.3d at 393. When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228-29 (6th Cir. 1997); *Columbia Natural Res. Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

Although Rule 12(b)(6) clearly affords Plaintiffs some liberties, it does require more than the bare assertion of legal conclusions. *Bovee*, 272 F.3d at 361; *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (quoting *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

With regard to the Government's Rule 12(b)(6) dismissal arguments, the Court observes that Defendant has asked the Court to consider exhibits attached to Plaintiffs' Complaint and that this evidence is considered part of Plaintiffs' Complaint. FED. R. CIV. P. 10(c). Therefore, Defendant has not raised evidence beyond the pleadings, and the Court will review Defendant's dismissal arguments under Rule 12(b)(6) rather than Rule 56. *See* FED. R. CIV. P. 12(b). It is with these principles in mind that the Court turns to the merits of the parties' Motions.

### III.   DISCUSSION

The Court perceives Plaintiffs' Complaint to include seven distinct alleged violations of the Internal Revenue Code and accompanying regulatory materials.[3] Defendant's Motion to Dismiss attacks the sufficiency of several of Plaintiffs' claims, but does not address all seven. Plaintiffs have not opposed Defendant's Motion.

First, Defendant correctly points out that it was not required to give Plaintiffs an in-person hearing since Plaintiffs were given the opportunity to be heard by phone or through written correspondence. 26 C.F.R. § 301.6330-1(d)(2)[4]; *see also Turner*, 372 F. Supp. 2d at 1058. Next,

---

[3] A summary of the claims is as follows: (1) improper denial of request for an in-person hearing; (2) improper denial of request to record the hearing; (3) failure to verify that legal and procedural requirements have been met; (4) failure to provide notice and demand for payment; (5) failure to receive authorization to collect tax as required by I.R.C. § 7401; (6) improper denial of request to review assessment documents and tax return; and (7) fraudulent delegation of authority to the hearing officer.

[4] The regulations provide in pertinent part that:

> Q-D6. How are CDP hearings conducted?
> A-D6. The formal hearing procedures required under the Administrative Procedure Act, 5 U.S.C. 551 *et seq.*, do not apply to CDP hearings. CDP hearings are much like Collection Appeal Program (CAP) hearings in that they are informal in nature and ***do not require . . . a face-to-face meeting. A CDP hearing may, but is not required to, consist of a face-to-face meeting* . . . .  *A transcript or recording of any***

Defendant notes that it was not required to allow Plaintiffs to make an audio recording of the hearing.  26 C.F.R. § 301.6330-1(d)(2); *see* emphasis in note 4; *see also Jewett v. C.I.R.*, 292 F. Supp. 2d 962, 966 (N.D. Ohio 2003).  Finally, Defendant recites that it provided Plaintiffs with verification that all legal and procedural requirements were met.  I.R.C. § 6440(c)(1); (Pls.' Compl., Ex. A) (Services' letter to Plaintiffs stating: "It appears that the Service met the requirements of all applicable laws, regulations and administrative procedures during the assessment and collection phases of this investigation.").  Furthermore, the Court does not believe Defendant even had to send such verification.  "Nothing in the statute or the regulation requires that the officer send or provide the verification to the taxpayer."  *Tornichio*, 263 F. Supp. 2d at 1096.  The Service's officer merely has to obtain verification, not provide it.  *Id.*  Thus, the Court will dismiss Plaintiffs' claims of an improper denial of request for an in-person hearing, improper denial of request to record the hearing, and failure to verify that legal and procedural requirements have been met.  However, because Defendant has not addressed Plaintiffs' remaining allegations, the Court will deny Defendants' request to dismiss this action in its entirety.

　　　　Turning to Plaintiffs' Motion That Court Suspend A Final Ruling In This Case Until Plaintiff"s [sic] Have Completed Discovery, Plaintiffs urge the Court to stay its summary judgment ruling and allow them to continue discovery.  The Court observes that Defendant has not moved for summary judgment, and therefore, this motion is premature and will be denied.  Moreover, even the most charitable and credulous reading of this Motion fails to articulate a response to Defendant's

---

　　　*face-to-face meeting or conversation between an Appeals officer or employee and the taxpayer or the taxpayer's representative is not required*. . . .

26 C.F.R. § 301.6330-1(d)(2) (emphasis supplied).

Motion to Dismiss, save for a conclusory allegation that Defendant has not met all its legal and procedural requirements.

With regard to Plaintiffs' Motion To Dismiss Department of Justice, Plaintiffs contend that in "a nutshell the IRS has failed to produce any proof that they had authority either by the Secretary or IRC [§] 7608." (Pls.' Mot. to Dismiss DOJ at 1). The Court will deny the Motion because "the [Code] does not require that the IRS publish the internal delegations of administrative authority to enforce the Internal Revenue Laws." *Tornichio*, 263 F. Supp. 2d at 1097 (citing *Hughes v. United States*, 953 F.2d 531, 539 (9th Cir. 1992); *Rennie*, 216 F. Supp. 2d at 1082; *Lonsdale v. United States*, 919 F.2d 1440, 1446 (10th Cir. 1990)).

## IV.   CONCLUSION

Therefore, the Court will grant in part and deny in part Defendant's Motion to Dismiss. The Court will grant Defendant's Motion in that it sought dismissal of Plaintiffs' claims of an improper denial of request for an in-person hearing, improper denial of request to record the hearing, and failure to verify that legal and procedural requirements have been met. The Court will deny Defendant's Motion in that it sought dismissal of Plaintiff's Complaint in its entirety. The Court will deny Plaintiffs Randy and Linda Dibble's Motions That Court Suspend A Final Ruling In This Case Until Plaintiff"s [sic] Have Completed Discovery and To Dismiss Department of Justice.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>December 29, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |