UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY DIBBLE and LINDA DIBBLE,

   Plaintiffs,

v.

UNITED STATES OF AMERICA,

   Defendant.

_____/

Case No. 1:05-CV-201

Hon. Richard Alan Enslen

**ORDER**

   This matter is before the Court on Plaintiffs Randy Dibble and Linda Dibble's Motion for Reconsideration of the Court's December 29, 2005 Opinion and Order.[1]  "[M]otions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been mislead, but also show that a different disposition of the case must result from a correction thereof." W.D. MICH. LCIVR 7.4(a).

   Plaintiffs seek reconsideration of the Court's denial of their Motion to Dismiss the United States Department of Justice from this action.  The Court perceives Plaintiffs' central contention for reconsideration to be that "the [Department of Justice] did not have power of attorney to act on behalf of the IRS" because the "IRS is a private corporation hired by the U.S. Treasury Department and must be delegated by such before they can act in subtitle A." (Pls.' Mot. for Recons. at 1).

---

[1] Plaintiffs' Motion is titled as a "MOTION TO CLARIFY ORDER OF 12-29-05." Upon review, the motion clearly asks this Court to reconsider its December 29, 2005 Opinion and Order, and consequently, will be reviewed as a motion to reconsider pursuant to Western District of Michigan Local Civil Rule 7.4(a).

Plaintiffs believe that the "United States" and the "United States of America" are different entities and the "Constitution only confers powers on the United States' [sic] none on the United States of America." (Pls.' Mot. to Dismiss at 2). "[T]he 'United States of America' has no powers derived from the Constitution, therefore all of its powers are derived from Corporate powers that it must have obtained through incorporation." (*Id.*). Thus, "[t]he IRS is not a Government agency" and is a private corporation.[2] (*Id.*).

At least one court has considered whether the United States Internal Revenue Service is a private corporation and found that:

> This argument is unsupported, and, charitably speaking, it is frivolous. . . . [F]ederal legislation establishes the IRS as part of the Department of the Treasury, which is undeniably a part of the United States government and which is charged with administering the Internal Revenue Code. *See* [Internal Revenue Service Restructuring and Reform Act of 1998,] Pub. L. No. 105-206, Title I, § 1001, 112 Stat. 689 (1998); 31 U.S.C. § 301(a); 26 U.S.C. § 7801(a)(1).

*United States v. Jimenez*, No. 05 C 1161, 2005 WL 1503123, *2 (N.D. Ill. June 24, 2005); *see also Tighe v. United States*, No. 94-10900-MLW, 1995 WL 545323, *2 (D. Mass. May 23, 1995) ("this court sees no merit in plaintiff's contention that the IRS is a private corporation.").

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiffs Randy Dibble and Linda Dibble's Motion for Reconsideration (Dkt. No. 18) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>April 10, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

---

[2] Plaintiffs' arguments appear to be stock tax protester arguments, assembled in a somewhat discordant fashion. The Court has done its best to distill a coherent theme worth reconsideration. To the extent that Plaintiffs' Motion for Reconsideration asserts grounds already disposed of by the Court's December 29, 2005 Opinion and Order, those arguments are denied as repetitious. W.D. MICH. LCIVR 7.4(a).