UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY DIBBLE and LINDA DIBBLE,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 1:05-CV-201

Hon. Richard Alan Enslen

**OPINION**

    This matter is before the Court on Defendant United States of America's Motion to Affirm Determination Concerning Collection Action. Also before the Court is Plaintiffs Randy Dibble and Linda Dibble's Motion for Summary Judgment. The parties have responded to each other's motions and the Court discerns no reason to hear oral argument. For the reasons set forth below, the Court will grant Defendant's Motion, deny Plaintiffs' Motion, and dismiss this case.

**I.    BACKGROUND**

    Plaintiffs commenced this action *pro se* against Defendant alleging various violations of the Internal Revenue Code and accompanying regulations. During the 2000 tax year, Plaintiffs earned substantial taxable income, yet they reported no income and no tax liability (filing what is known as a "zero return") on their income tax return. Plaintiffs maintained they had no constitutional income in 2000. After reviewing Plaintiffs' zero return, Defendant's Internal Revenue Service (the "Service") assessed Plaintiffs a civil penalty for filing a frivolous income tax return.[1]

---

[1] The Service is authorized to assess a civil penalty of $500 against any individual who files what he purports to be a return of the tax and: (1) the return filed either does not contain information on which the substantial correctness of the self-assessment may be judged or contains information

Plaintiffs did not pay the assessed penalty and the Service issued a notice of its intent to levy against their property. Plaintiffs appealed that decision and requested a due process collection hearing. *See* 26 U.S.C. § 6330. The Service responded that it would conduct the hearing by phone or through written correspondence. Plaintiffs considered these hearing methods unacceptable and advised the Service that they desired a "face to face interview where [they] could inspect" documents relevant to their hearing. (Pls.' Compl. ¶ 5). Plaintiffs also sought to make an audio recording of their requested in-person hearing. Plaintiffs believe the Service never afforded them an opportunity to be heard and that the Service never produced requested documents. Furthermore, Plaintiffs contend that they "neverreceived [*sic*] a 'notice and demand for payment' as provided in Code sections 6303[,] 6321, and 6331, a 'notice and demand' being a condition precedent to an administrative seizure pursuant to 26 USC [§] 6331." (Pls.' Compl. ¶ 2(c)).

Plaintiffs also claim that the Service "never received authorization from the Secretary that the instant collection action was autorized [*sic*] by him as required by 26 USC [§] 7401 and that the Attorney General never directed that the instant, enforced collection of income taxes and penalties 'be commenced' as required by 26 USC [§] 7401." (Pls.' Compl. ¶ 2(e)). Plaintiffs maintain that the Service never sent them a verification that pertinent legal requirements were fulfilled and procedural obligations were satisfied. Finally, Plaintiffs aver that the Service fraudulently delegated authority to its hearing officer under 26 U.S.C. § 7608. Ultimately, the Service rejected Plaintiffs' appeal and issued a Notice of Determination supporting its decision to assess a civil penalty. Plaintiffs filed their Complaint seeking to invalidate the Service's Notice of Determination.

---

that on its face indicates that the self-assessment is substantially incorrect; and (2) such conduct is due to a position which is frivolous or from a desire (which appears on the purported return) to delay or impede the administration of federal income tax laws. 26 U.S.C. § 6702(a).

In its December 29, 2005 Opinion, the Court distilled Plaintiffs' Complaint to articulate what it believed to be seven distinct violations of the Internal Revenue Code and accompanying regulatory materials. To wit, Plaintiffs averred that Defendant: (1) improperly denied their request for an in-person collection due process hearing; (2) improperly denied their request to record their collection due process hearing; (3) failed to verify that all legal and procedural requirements have been met; (4) failed to provide notice and demand for payment; (5) failed to receive authorization to collect tax as required by 26 U.S.C. § 7401; (6) improperly denied their request to review assessment documents and tax return; and (7) fraudulently delegated authority to the Service's hearing officer. By the same Opinion—and on Defendant's Motion to Dismiss—the Court dismissed claims one, two, and three of Plaintiffs' Complaint. In its Motion currently pending before the Court, Defendant now seeks an order affirming its collection activity by assailing the sufficiency of Plaintiffs' four remaining claims.

## II.  LEGAL STANDARDS

Since Plaintiffs did not contest the underlying assessment of tax liability at their collection due process hearing, the Court will review the Services' actions for an abuse of discretion.[2] *Living Care Alternatives of Utica Inc. v. United States*, 411 F.3d 621, 625 (6th Cir. 2005). The Service has

---

[2] Plaintiffs' belief to the contrary is erroneous. At Plaintiffs' collection due process hearing, only their civil penalty for filing a frivolous return was at issue. Thus, even though Plaintiffs raised frivolous constitutional challenges to their underlying tax liability at the hearing, the hearing was only designed to determine whether Plaintiffs in fact filed a frivolous return. Their underlying tax liability was not in controversy. *See Schultz v. United States*, No. 4:04-CV-92, 2005 WL 1155203, at *2 (W.D. Mich. Mar. 23, 2005) (reviewing assessed civil penalty for an abuse of discretion). Furthermore, even if this Court were to review Plaintiffs' claims *de novo*, it would make no difference in the Court's analysis. A zero return is patently frivolous and clearly worthy of a civil penalty. *See, e.g., Turner v. United States*, 372 F. Supp. 2d 1053, 1060-61 (S.D. Ohio 2005) (collecting cases); *Gillett v. United States*, 233 F. Supp. 2d 874, 881 (W.D. Mich. 2002) (collecting cases).

abused its discretion when the Court is left with a definite and firm conviction that a clear error has been made. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578-79 (6th Cir. 1998) (citing *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989)).

## III. DISCUSSION

As noted above, Plaintiffs' four remaining claims are that Defendant: (1) failed to provide Plaintiffs with notice and a demand for payment; (2) failed to receive authorization to collect tax as required by 26 U.S.C. § 7401; (3) improperly denied their request to review assessment documents and tax return; and (4) fraudulently delegated authority to the Service's hearing officer.

As for Plaintiffs' first remaining claim, Defendant asserts that it did provide Plaintiffs with notice and a demand for payment because the Service's Notice of Determination expressly mentions that a Notice and Demand letter was mailed to Plaintiffs last known address. Thus, "The IRS has submitted documents establishing that it sent plaintiff[s] notice. Proof that notice was sent is sufficient; the government need not prove receipt." *United States v. Lisle*, No. C-90-2746, 1992 WL 178731, at *4 (N.D. Cal. Mar. 4, 1992) (citing *Thomas v. United States*, 755 F.2d 728, 730 (9th Cir. 1985)). Plaintiffs have not responded to Defendant's assertion, and consequently, the Court will dismiss that claim.[3]

Concerning Plaintiffs' second remaining claim, Defendant notes that the Service is not required to receive authorization under 26 U.S.C. § 7401 before initiating an administrative levy action. Section 7401 provides that "[n]o civil action for the collection or recovery of taxes, or of any

---

[3] Plaintiffs have not directly responded to any of the arguments presented in Defendant's Motion. Rather, Plaintiffs' filings (their brief in support of their Motion for Summary Judgment and Response to Defendant's Motion are identical, save for the title) are nineteen paragraphs, haphazardly assembling stock tax protestors arguments, which fail to meaningfully address Defendant's assertions and do little to advance their claims.

fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced." The Service's desire to levy against Plaintiffs' property is an administrative proceeding and does not require section 7401 authorization. *Schultz,* 2005 WL 1155203, at *4. Plaintiffs have not responded to this argument, and accordingly, the Court will dismiss this claim.

Turning to Plaintiffs' third remaining claim, Defendant correctly observes that Plaintiffs were denied review of assessment documents and tax returns because Plaintiffs were assessed a penalty for filing a frivolous tax return. Thus, there was no assessment of tax liability made by the Service because Plaintiffs' income tax return was frivolous. The zero return Plaintiffs filed did not contain enough information on which the correctness of their self-assessment of tax owed could be judged by the Service. 26 U.S.C. § 6702(a). Plaintiffs have not responded to this contention, and thus, the Court will dismiss this claim.

With regard to Plaintiffs' final remaining claim, Defendant has submitted evidence that its hearing officer assigned to handle Plaintiffs' case does in fact have the authority to impose a penalty against Plaintiffs. Furthermore, the Service was not required to "produce documentation proving that those who imposed the penalty were authorized to do so. This is simply not documentation the hearing officer is required to produce." *Schultz,* 2005 WL 1155203, at *4 (citing *Borchardt v. Comm'r of Internal Revenue*, 338 F. Supp. 2d 1040, 1043 (D. Minn. 2004); *Hart v. United States*, 291 F. Supp. 2d 634, 645-46 (N.D. Ohio 2003); *Gillett*, 233 F. Supp. 2d at 883; *Rennie v. Internal Revenue Serv.*, 216 F. Supp. 2d 1078, 1082 (E.D. Cal. 2002)). Plaintiffs have not responded to this assertion and, therefore, the Court will dismiss this claim.

In short, under either an abuse of discretion standard or upon *de novo* review of Defendant's administrative decision to impose a civil penalty against Plaintiffs, the Court believes such action was clearly appropriate. Plaintiffs filed a patently frivolous zero return. *See Schultz,* 2005 WL 1155203, at *3; *Turner*, 372 F. Supp. 2d at 1060-61; *Gillett*, 233 F. Supp. 2d at 881. The Court finds Plaintiffs' income tax returns filed during the 2000 tax year were substantially incorrect, based upon an untenable position, and subject to civil penalty under 26 U.S.C. § 6702. Plaintiffs had the opportunity to participate in a collection due process hearing, yet they persisted in asserting meritless, frivolous anti-tax arguments that have been considered and consistently rejected. Thus, the Court will affirm Defendant's administrative decision to impose a civil penalty against Plaintiffs and dismiss Plaintiffs' Complaint.

As for Plaintiffs' Motion for Summary Judgment, Plaintiffs have not satisfied their burden under Federal Rule of Civil Procedure 56. Plaintiffs have made only conclusory allegations, superficially quoted legal authority, and otherwise utterly failed to show they are entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c). Accordingly, the Court will deny Plaintiffs' Motion for Summary Judgment.

## IV.   CONCLUSION

Therefore, the Court will grant Defendant United States of America's Motion to Affirm Determination Concerning Collection Action, deny Plaintiffs Randy Dibble and Linda Dibble's Motion for Summary Judgment, and dismiss Plaintiffs' Complaint. A Judgment consistent with this Opinion shall enter.

```
                                    /s/ Richard Alan Enslen
DATED in Kalamazoo, MI:             RICHARD ALAN ENSLEN
     June 30, 2006                  SENIOR UNITED STATES DISTRICT JUDGE
```